IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:25-cr-00035- SMR-WPK |
| Plaintiff, | : | |
| Vs. | : | |
| DANIELLE MICHELLE LEON, | : | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | : | |

COMES NOW Defendant Danielle Michelle Leon, through Brent D. Rosenberg as counsel, and hereby files and serves her sentencing memorandum as follows:

**TABLE OF CONTENTS**


**Page**

I. Introduction and Factual Background……………………………………………….…….2

II. The Sentencing…………………………………………………………………….…...3

II. Issues at Sentencing……………………………………………………………........3

A. Guideline Calculations…………………………………………………………3

B. Section 3553(a) Factors ……………………………………………...........................4

C. Relevant Factual Considerations ……………………………………………………5

IV. Conclusion………………………………………………………………........................6


**I. Introduction and Factual Background**

Pursuant to a plea agreement, Ms. Leon pled guilty to a one count information on May 8, 2025, charging her with Conspiracy to Distribute 40 Grams or More of a Mixture and Substance

Containing a Detectable Amount of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851. At the time, Ms. Leon was serving a sentence on an unrelated matter and was confined to the Iowa Correctional Institution for Women, 420 Mill Street Southwest, Mitchellville, Iowa. Following her plea, and at her request, she was returned to Mitchellville and has remained there to this day.

Ms. Leon entered into a plea agreement with the government on April 16, 2025, and an Amended Plea Agreement filed on May 8, 2023, in which she pled guilty to the offenses alleged in the Information. Plea Agreement, Dkt. 3, 21, ¶ 1 (collectively, "Plea Agreement").[1] With regard to the sentence to be imposed, the Plea Agreement further recites that the count of conviction carries a maximum sentence of life in prison and mandatory minimum of 10 years, a potential fine and special assessment of $100. Plea Agreement, Dkt. 3, 21, ¶ 3. Ms. Leon was returned to Mitchellville following her plea.

The Plea agreement also contains various stipulations, waivers and provisos with regard to same, much of which is noted in the PSIR, and further provides in relevant part as follows:

1. The factual basis for the plea is extensively established in paragraph 8. Plea Agreement, Dkt. 3, 21, ¶ 8.

2. The Government stipulated that Ms. Leon should receive a reduction under the Guidelines for acceptance of responsibility pursuant to USSG §3E1.1(a) &/or (b). Plea Agreement, Dkt. 3, 21, ¶ 13

3. Both the Defendant and the government retain the right to appeal the sentence imposed by the court. Plea Agreement, Dkt. 3, 21, ¶ 24.

4. The Defendant further retains "… the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement, Dkt. 3, 21, ¶ 24.

1. The Amended Plea Agreement corrected a typographical error in paragraph 8(d).

5. The Defendant also agreed to waive her right to a hearing pursuant to 21 U.S.C § 851 and stipulated "to the enhancement under Section 841(b)(1)(B) due to Defendant's prior conviction for a serious drug felony…." Plea Agreement, Dkt. 3, 21, ¶ 8.

The sole issue for the Court at sentencing is the sentence to be imposed as discussed below.

**II. The Sentencing**

In addition to the support letters, which will be submitted in a separate filing, Ms. Leon will offer a copy of an evaluation, report and some certificates as exhibits. Assuming there is no dispute with regard to the information offered, Ms. Leon does not expect to offer any other exhibits or call any witnesses at her sentencing hearing. However, she may testify and/or make a statement on her own behalf.

**III. Issues at Sentencing**

**A. Guideline Calculations:**

The PSIR determined the applicable Guidelines and sentencing range as follows:

| | |
|---|---|
| Base Offense Level: | 28 |
| Adjusted Offense Level: | 28 |
| Acceptance of Responsibility: | -3 |
| Total Offense Level: | 25 |

PSIR, Dkt. 3, 21, ¶¶ 32-41. With regard to the applicable Guideline sentencing range, the PSIR determined the applicable imprisonment range to be 84 to 105 months. However, since "the statutorily required minimum sentence of 10 years is greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is 120 months. USSG §5G1.1(b)." PSIR, Dkt. 3, 21, ¶ 138.

Of interest, is the fact that, but for the mandatory minimum applicable in this case, the PSIR's determined that for similarly situated defendants over the past five years:

> For the 77 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 75 month(s) and the median length of imprisonment imposed was 76 month(s).

PSIR, Dkt. 3, 21, ¶ 140.

In response to the PSIR, we did not state any formal objections. We did note some information that was omitted in the draft PSIR, all of which was then include in the final PSIR. Accordingly, the only issue for the court at the sentencing will be the sentence itself.

**B. Section 3553(a) Factors**

Section 3553(a) provides that the sentencing court should consider certain factors when imposing a sentence. The fundamental principal is that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Among the considerations to be taken into account are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
> >
> > …
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct…. 18 U.S.C. § 3553(a).

**C. Relevant Factual Considerations**

As the PSIR notes, Ms. Leon was born on March 22, 1983, and is 42 years old. She was principally raised by her maternal grandparents who later formally adopted her. Her grandmother describes her as a “good and loving person” who has struggled for much of her life with drug addiction. She also described Ms. Leon’s “childhood as great, and stated they had “one big happy home.” PSIR, Dkt. 3, 21, ¶ 58-62. The PSIR also notes in detail her various substance abuse and other personal issues which will not be further discussed in this filing. We have also provided as exhibits alongside the letters of support an evaluation and a report generated by Dr. Angela Zinzer that are hopefully helpful to the court as it considers her sentence.

The PSIR also notes that Ms. Leon has some medical training and is planning to move further in that direction upon her release. While at Mitchellville, she has worked with the Adult Daily Living Assistance Program and used such training to help others and has been involved in the care of fellow prisoners, particularly some of whom are battling dementia and/or other debilitating conditions. Included in the letters of support are attestations on her behalf written by some of those for whom she has provided care. These letters make clear that Ms. Leon is a kind, caring and thoughtful person who is making very good use of her time in Mitchellville. Indeed, one of the reasons she wanted to be returned to Mitchellville after her plea, is that she wanted to return to care-giving. She did this fully aware that she may not receive any credit for this time in connection with her pending federal sentence.

One of her support letters is particularly strong. That is from a fellow inmate at Mitchellville who I will refer to as “AW.” AW wrote as follows:

> “I feel inspired to speak on the difference she has made in my situation. She goes above and beyond in her daily duties to ensure that my needs are met. In my darkest hours she

> has been encouraging never complaining even when having to pick up slack and duties of her coworkers, inspiring trust be her dependability and dedication. She is a light and a person that will leave someone better than when she found them."

While in custody, Ms. Leon has pursued her education by taking many college level courses, earning credits and has obtained numerous certifications. As noted in the PSIR, she has had no violations while in Mitchellville. And, while helping care for dementia and other patients, she "participated in Prime for Life, Choir in Chapel, and Life Recovery, and she sings in Saturday services." PSIR, Dkt. 3, 21, ¶¶ 8, 9. She has clearly made the best of her situation and her conduct demonstrates that there is no need for a lengthily sentence in her case.

Accordingly, we respectfully request that the court impose a sentence of imprisonment as low as ultimately possible which is sufficient for the purposes of punishment and appropriate under 18 U.S.C. § 3553(a). While none of this excuses Ms. Leon's conduct, Section 3553 requires the consideration of far more than the offense conduct and/or criminal history. When all of this is carefully considered, we respectfully suggest that the sentence be sufficient "… but not greater than necessary…" to comply with the purposes of Section 3553.

**IV. Conclusion**

For the reasons argued above, we respectfully request that the Court impose a sentence of imprisonment as low as ultimately possible. Consistent with the findings in the PSIR, we further request that no fine be imposed in this case. See PSIR, ¶ 91. Finally, we request that the conditions of her sentence and subsequent supervision be primarily tailored for a rehabilitative purpose, if necessary, and no greater than necessary to accomplish such purpose.

**Brent D. Rosenberg**
400 Locust Street, Suite 380
Des Moines, Iowa 50309
Telephone: (515) 288-6440
FAX: (515) 288-6448
Email: bdr@bdriowalaw.com

By: /s/ Brent D. Rosenberg
**COUNSEL FOR DEFENDANT**
**DANIELLE MICHELLE LEON**

**Original filed.**

**Copies to:**

Ms. Mallory Weiser, Asst. United States Attorney, Neal Smith Federal Building, 210 Walnut Street, Suite 455, Des Moines, Iowa 50309-2053

**COUNSEL FOR THE GOVERNMENT**

**PH: (515) 473-9300**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was electronically filed on August 28, 2025, with the Clerk of Court using the ECF system which will result in service on the above-named parties at their respective addresses disclosed on the pleadings

Signature: /S/ Brent D. Rosenberg