IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:25-cr-035 |
| v. | ) | |
| DANIELLE MICHELLE LEON, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

In the fall of 2024, Defendant was acquiring distribution-quantities of fentanyl directly from a Chicago source of supply. On January 14, 2025, Defendant was found in possession of over 100 grams of fentanyl. Based on the serious nature of her crimes, the Court should sentence her to a guideline term of imprisonment.

## PROCEDURAL BACKGROUND

On May 8, 2025, Defendant pleaded guilty to a United States Information, charging her with Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846. (R. Doc. 21.) The Information also included a finding of prior conviction pursuant to Title 21, United States Code, Section 851. (R. Doc. 12.) Sentencing is set for September 4, 2025. (R. Doc. 19.)

## ADVISORY GUIDELINE RANGE

The Guideline calculations are as follows:

Count One (Conspiracy to Distribute a Controlled Substance):

| | |
|---|---|
| Base Offense level USSG §2D1.1 | 28 |

| | |
|---|---|
| Acceptance of responsibility | -3 |
| Total offense level: | 25 |
| Criminal history: | IV |
| Guideline range: | 84 to 105 months’ |
| Mandatory minimum: | 120 months’ |

## § 3553(a) FACTORS SUPPORT A GUIDELINE SENTENCE

The appropriate sentence to be imposed by the Court should be “sufficient but not greater than necessary” to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed -
   - A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   - B. to afford adequate deterrence to criminal conduct;
   - C. to protect the public from further crimes of the defendant; and
   - D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). The government recommends a guideline sentence of imprisonment.

In the fall of 2024, Danielle Leon was identified by law enforcement as a local Des Moines fentanyl dealer. Investigators were able to conduct three separate controlled fentanyl buys from her. On November 12, 2024, the Confidential Informant

("CI") purchased 7.9 grams of fentanyl from Defendant for $800. During the deal, Defendant told the CI, "I put an extra quarter in there for you." On November 19, 2024, the CI purchased 6.61 grams of fentanyl from Defendant for $800. On December 10, 2024, the CI again purchased 3.8 grams of fentanyl from Defendant for $400. During the deal, Defendant stated she recently paid a friend $600 to drive her to Chicago to "pick up weight [drugs]."

On January 12, 2025, GPS pings for LEON's phone indicated that she was traveling eastbound on Interstate 80 away from Des Moines at approximately 8:32 a.m. Defendant then stopped at a casino in Davenport, before continuing eastbound into Chicago, Illinois at approximately 5:22 p.m. on January 13. By 9:43 p.m., Defendant was already heading back toward Des Moines. A planned traffic stop was performed, and a K9 made a positive indication for narcotics. In the back cargo area, officers found three racquetball-sized balls of fentanyl, one wrapped in aluminum foil and two in black tape, weighing 160.62 grams. Officers also found 0.10 gram of cocaine and smaller quantities of fentanyl and fluorofentanyl (1.42 grams) as well as fentanyl and xylazine (0.58 grams). The combined total of fentanyl was 177.87 grams. Defendant was also in possession of $232 in cash and small amounts of methamphetamine and cocaine.

During a post-*Miranda* interview, Defendant admitted there was "quite a bit" of heroin in the car and described where, she also noted that she was a user of heroin. Defendant described who she got the heroin/fentanyl from, and that she owed her

source $4,000, which is what she usually pays them. Defendant also discussed her previous source of supply, who she went to for months.

Defendant is assessed a conservative 314.52 grams of fentanyl. Just two milligrams of fentanyl is considered a potentially fatal dose. The harm fentanyl does throughout communities cannot be understated. Fentanyl alone is the deadliest drug threat the United States has ever faced, killing 74,702 Americans in 2023, over twice the number of deaths that any other dangerous drug caused.[1] It is clear from the offense conduct in this case, that Defendant is not a drug mule but was a drug dealer who sold fentanyl to multiple people.

Defendant reports being raised by her grandparents and that she had a "normal" life with her basic needs being met. At age 20 she experienced a traumatic stillbirth, which sparked her drug use. Defendant appears to have trouble choosing romantic partners, as her current partner has a lengthy criminal history and is currently in prison, and many of her past partners also have a history of drug use. Unfortunately, Defendant has had four children, none of which she maintains custody of. Defendant has a history of suicidal ideation and mental health issues. She has a history of extensive illicit drug use.

Defendant has a short, but serious, criminal history, resulting in eight criminal history points. In 2010, at age 27, she was convicted of Possession with Intent to Deliver a Controlled Substance in which she was sentenced to 25 years imprisonment. She was paroled after just over two years in prison, where she

[1] https://www.cdc.gov/nchs/pressroom/nchs_press_releases/2024/20240515.htm

participated in and completed several programs. Her parole was only recently discharged in 2021. In March 2024, at age 40, she was convicted of Possession of Methamphetamine and OWI. A prison term was suspended, and she received probation, which she violated several times. In April 2024, she was convicted of Possession of a Controlled Substance once again.

Defendant has had instances of both leniency and state imprisonment – neither quelled her participation in dangerous criminal activity. She has participated in numerous drug treatment programs. Her criminal history shows continued interest in drug possession and dealing, and in this case, acquiring extremely large quantities of fentanyl from Chicago and selling it in Des Moines. As such, a guideline term of is sufficient and justified, and not more than necessary.

**CONCLUSION**

Based on the foregoing, the government recommends a guideline term of imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Mallory E. Weiser*

Mallory E. Weiser
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut St., Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mallory.weiser@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail ______ Fax _____Hand Delivery

_X___ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY
By: */s/Madison Lancaster, Supervisory Paralegal*